IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Concordia Pharmaceuticals Inc. SARL;<br>Advanz Pharma Corp., formerly known as<br>Concordia International Corp.;<br>Concordia Pharmaceuticals (US) Inc.,<br><br>Plaintiffs,<br><br>vs.<br><br>Vitae Enim Vitae Scientific Inc.,<br>Charles Cavallino, Boris Gites,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 6:19-2061-HMH-JDA<br><br>**OPINION & ORDER** |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1) (2006).

The parties filed no objections to the Report and Recommendation. In the absence of objections to the magistrate judge's Report and Recommendation, this court is not required to

1

give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

After a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge Austin's Report and Recommendation and incorporates it herein. It is therefore

**ORDERED** that Defendants' motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue, docket number 89, is granted in part and denied in part. Defendants' motion to dismiss for lack of personal jurisdiction is denied; Defendant's motion to dismiss for improper venue is denied; and the motion to transfer is granted and this action is transferred to the United States District Court for the Southern District of California.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
September 18, 2019